# EXHIBIT A

**SUMMONS**
**(CITACIÓN JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** UNITED TALENT AGENCY, LLC, a
**(AVISO AL DEMANDADO):** Delaware Corporation;
FORD MOTOR COMPANY, a Delaware Corporation;
EWI WORLDWIDE, a business entity of unknown form;
CYNTHIA ARCARO ENTERPRISES CALIFORNIA, LLC, a
California Liability Company;
and DOES 1 through 100, inclusive, Defendants.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 23 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** HENRY CHEN, an individual,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** REBECCA FAULKNER,
an individual, and all others similarly situated Plaintiffs.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: (El nombre y dirección de la corte es:) SUPERIOR COURT OF THE STATE OF CALIFORNIA 111 N. Hill St. 111 N. Hill St. Los Angeles, CA 90012 | CASE NUMBER: (Número del Caso): BC 641930 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Leonard H. Sansanowicz, Esq. (SBN 255729)
Feldman Browne Olivares, APC
12400 Wilshire Blvd., Suite 1100
Los Angeles, CA 90025

SHERRI R. CARTER

| | | |
|---|---|---|
| DATE: November 23, 2016 NOV 2 3 2016 (Fecha) | Clerk, by _Judi Lara_ (Secretario) | , Deputy (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Ford Motor Company, a Delaware corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |

Lee R. Feldman, Esq. (SBN 171628)
lee@leefeldmanlaw.com
Leonard H. Sansanowicz, Esq. (SBN 255729)
leonard@leefeldmanlaw.com
**FELDMAN BROWNE OLIVARES**
**A Professional Corporation**
12400 Wilshire Blvd., Suite 1100
Los Angeles, California 90014
Telephone: (310) 207-8500
Fax:         (310) 207-8515

Attorneys for Plaintiffs, HENRY CHEN,
REBECCA FAULKNER, and all others
similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 23 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**FELDMAN BROWNE OLIVARES**
A PROFESSIONAL CORPORATION

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST

HENRY CHEN, an individual, REBECCA
FAULKNER, an individual, and all others
similarly situated

Plaintiffs,

vs.

UNITED TALENT AGENCY, LLC, a
Delaware Corporation; FORD MOTOR
COMPANY, a Delaware Corporation; EWI
WORLDWIDE, a business entity of
unknown form; CYNTHIA ARCARO
ENTERPRISES CALIFORNIA, LLC, a
California Limited Liability Company; and
DOES 1 through 100, inclusive,

Defendants.

CASE NO.   BC 6 4 1 9 3 0

**CLASS ACTION**

**PLAINTIFFS' COMPLAINT FOR
DAMAGES AND RESTITUTION AND
FOR:**

1. **FAILURE TO PAY WAGES FOR ALL
   TIME WORKED AT MINIMUM
   WAGE RATE, IN VIOLATION OF
   CALIFORNIA LABOR CODE
   SECTIONS 1194 AND 1197**

2. **FAILURE TO PAY OVERTIME
   WAGES FOR DAILY OVERTIME
   AND ALL TIME WORKED, IN
   VIOLATION OF CALIFORNIA
   LABOR CODE SECTIONS 510, 1194,
   AND 1198**

3. **FAILURE TO AUTHORIZE OR
   PERMIT REST PERIODS OR PAY
   REST PERIOD PREMIUM WAGES,
   IN VIOLATION OF CALIFORNIA
   LABOR CODE SECTION 226.7**

4. **FAILURE TO PROVIDE TIMELY,
   ACCURATE WAGE STATEMENTS,
   IN VIOLATION OF CALIFORNIA
   LABOR CODE SECTION 226**

5. **FAILURE TO TIMELY PAY ALL
   EARNED WAGES DUE AT TIME OF
   SEPARATION OF EMPLOYMENT, IN
   VIOLATION OF CALIFORNIA**

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LABOR CODE SECTIONS 201, 202

**6. UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq*.**

**DEMAND FOR A JURY TRIAL**

COME NOW plaintiffs HENRY CHEN and REBECCA FAULKNER (collectively, "Plaintiffs"), as individuals and representatives of those similarly situated, by and through their undersigned attorneys and for this complaint against defendants UNITED TALENT AGENCY, LLC, a Delaware Corporation ("UTA"); FORD MOTOR COMPANY, a Delaware Corporation ("FORD"); EWI WORLDWIDE, a business entity of unknown form ("EWI"); CYNTHIA ARCARO ENTERPRISES CALIFORNIA, LLC, a California Limited Liability Company ("ARCARO CA"); and DOES 1 through 100, inclusive (collectively, "Defendants"), allege upon personal knowledge and belief as to their own acts, and upon information and belief (based upon the investigation of their counsel) as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## I.  INTRODUCTION

This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay for all hours worked at least at minimum wage; failure to pay overtime premium wages for overtime hours worked; statutory penalties for failure to provide timely and accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; liquidated damages for failure to pay minimum wage; unjust enrichment; injunctive relief and other equitable relief; reasonable attorney's fees pursuant to California Labor Code sections 226(h) and 1194; costs; and interest brought on behalf of Plaintiffs and others similarly situated.

## II.  **THE PARTIES**

1.     Plaintiff Henry Chen ("Chen") is, and at all times herein mentioned was, an individual residing in Los Angeles County. Plaintiff was jointly employed as a product specialist by Defendants UTA, Ford, and EWI to showcase Ford vehicles at various automobile shows from September 2013

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

2

1   through January 3, 2016, throughout California and other locations.

2      2.    Plaintiff Rebecca Faulkner ("Faulkner") is, and at all times herein mentioned was, an

3   individual residing in Massachusetts and New Hampshire. Plaintiff has been jointly employed as a

4   product specialist by all Defendants to showcase Ford vehicles at various automobile shows since

5   September 2008 throughout California and other locations.

6      3.    Plaintiffs are informed and believe and on that basis allege that Defendant UTA is,

7   and at all times herein mentioned was, a Delaware corporation that jointly employed Plaintiffs and

8   other non-exempt employees throughout the State of California and therefore its conduct forms a

9   significant basis of the claims asserted in this matter.

10     4.    Plaintiffs are informed and believe and on that basis allege that Defendant FORD is,

11  and at all times herein mentioned was, a Delaware corporation that jointly employed Plaintiffs and

12  other non-exempt employees throughout the State of California and therefore its conduct forms a

13  significant basis of the claims asserted in this matter.

14     5.    Plaintiffs are informed and believe and on that basis allege that Defendant EWI is,

15  and at all times herein mentioned was, a Delaware corporation that jointly employed Plaintiffs and

16  other non-exempt employees throughout the State of California and therefore its conduct forms a

17  significant basis of the claims asserted in this matter.

18     6.    Plaintiff Faulkner is informed and believes and on that basis alleges that Defendant

19  ARCARO CA is, and at all times herein mentioned was, a California limited liability company that

20  jointly employs Plaintiff Faulkner and other non-exempt employees throughout the State of

21  California and therefore its conduct forms a significant basis of the claims asserted in this matter.

22     7.    Plaintiffs are informed and believe and thereon allege that defendant Does 1 through

23  50 are corporations or are other business entities or organizations of a nature unknown to Plaintiffs.

24     8.    Plaintiffs are informed and believe and thereon allege that UTA is authorized to do

25  business within the State of California and is doing business in the State of California and/or that

26  Defendants Does 51 through 60 are, and at all times relevant hereto were, individuals acting on

27  behalf of UTA in the establishment of, or ratification, of, the aforementioned illegal wage and hour

28  practices or policies. UTA operates in Los Angeles County and employed Plaintiff Chen and other

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

3

Exhibit A, Page 12

putative class members in Los Angeles County and throughout California.

9.      Plaintiffs are informed and believe and thereon allege that FORD is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants Does 61 through 70 are, and at all times relevant hereto were, individuals acting on behalf of FORD in the establishment of, or ratification, of, the aforementioned illegal wage and hour practices or policies. FORD operates in Los Angeles County and employed Plaintiff Chen and other putative class members in Los Angeles County and throughout California.

10.     Plaintiffs are informed and believe and thereon allege that EWI is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants Does 71 through 80 are, and at all times relevant hereto were, individuals acting on behalf of EWI in the establishment of, or ratification, of, the aforementioned illegal wage and hour practices or policies. EWI operates in Los Angeles County and employed Plaintiff Chen and other putative class members in Los Angeles County and throughout California.

11.     Plaintiffs are informed and believe and thereon allege that ARCARO CA is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants Does 81 through 90 are, and at all times relevant hereto were, individuals acting on behalf of ARCARO CA in the establishment of, or ratification, of, the aforementioned illegal wage and hour practices or policies. ARCARO CA operates in Los Angeles County and employed Plaintiff Faulkner and other putative class members throughout California.

12.     Plaintiffs are informed and believe and thereon allege that Defendants Does 91 through 100 are individuals unknown to Plaintiffs. Each of the individual defendants is sued individually and in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification, of, the aforementioned illegal wage and hour practices or policies.

13.     Plaintiffs currently are unaware of the true names of Defendants Does 1 through 100. Plaintiffs sue said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiffs are informed and believe that each of the fictitiously

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

4

named defendants is in some manner responsible for the events and allegations set forth in this complaint.

14.     Plaintiffs are informed, believe, and thereon allege that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiffs further are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes defendants UTA, FORD, EWI, ARCARO CA, and Does 1 through 100.

15.     At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

16.     Plaintiffs make the allegations in this complaint without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proving, or persuading. Plaintiffs reserve all of their rights to plead in the alternative.

### III.     JURISDICTION AND VENUE

17.     This Court has jurisdiction and venue is proper in this county for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff Chen in Los Angeles County; the principal violations of California law occurred in California; the conduct of Defendants forms a significant basis for Plaintiffs' and the Class Members' claims; and Plaintiffs and Class Members seek significant relief from Defendants.

5

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

## IV.   DESCRIPTION OF ILLEGAL PAY PRACTICES

18.    Pursuant to the applicable Industrial Welfare Commission Wage Order ("Wage Order"), codified at California Code of Regulations title 8, section 11140, UTA, FORD, EWI, ARCARO CA, and business entities sued as DOES 1-50 were and are employers of Plaintiffs and others similarly situated within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

19.    Plaintiffs worked as product specialists for Defendants, representing Ford Motor Company at auto shows throughout California and other locations. The auto shows ranged in duration from a few days to a couple of weeks. Defendants UTA and ARCARO CA contracted with FORD to provide product specialists at the auto shows. Defendants UTA and ARCARO CA are "temporary services employers" under the meaning of California Labor Code section 201.3.

20.    Defendants, and each of them, jointly employed Plaintiffs and others similarly situated by controlling the wages, hours, and/or working conditions of the non-exempt employees who were product specialists at Ford auto shows. Defendants UTA and ARCARO CA controlled the wages and working conditions of non-exempt employees, Defendant FORD controlled non-exempt employees' working conditions, Defendant EWI provided supervisors who controlled non-exempt employees' working conditions, and Defendants UTA, ARCARO CA, and FORD evaluated each non-exempt employee's performance, considered non-exempt employees for rehire, and had the authority to discharge non-exempt employees at will.

21.    **Failure to pay wages for all hours worked at California's minimum wage**: Defendants employ many of their employees, including Plaintiffs, as non-exempt employees. In California, an employer is required to pay hourly non-exempt employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

22.    Plaintiffs and similarly situated employees worked many hours for which Defendants failed to compensate the employees at all.  Specifically, Defendants had a policy and/or practice

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

6

Exhibit A, Page 15

1  requiring their non-exempt employees to report to their exhibit booth workstations at least fifteen
2  (15) minutes prior to the start of each workday, and at least thirty (30) minutes prior to the start of the
3  workday on the first day of each auto show.  Defendants failed to compensate Plaintiffs and similarly
4  situated employees for the pre-shift time during which they were subject to Defendants' control but
5  were not paid.

6      23.    Defendants also had a policy and/or practice of requiring non-exempt employees to
7  complete training sessions online, which required hours of time. Defendants failed to compensate
8  Plaintiffs and similarly situated employees for any time they spent on online training sessions.

9      24.    The above issues were common to each non-exempt employee and predominated
10 among all non-exempt employees.

11     25.    **Failure to pay wages for all hours worked in excess of eight hours per day at the**
12 **non-exempt employees' overtime rate of pay**: As a result of Defendants' policy and/or practice
13 requiring non-exempt employees to report to work either 15 or 30 minutes prior to their scheduled
14 start time, Defendants' non-exempt employees routinely worked more than eight hours per workday.

15     26.    California Labor Code sections 510 and 1194 require an employer to compensate
16 employees a higher rate of pay for hours worked in excess of eight hours in a workday.

17     27.    California Labor Code section 1198 provides that the maximum hours set by the
18 Industrial Welfare Commission ("IWC" or "Commission") shall be the maximum hours of labor for
19 employees.  The Wage Order also provides for higher rates of pay for hours worked in excess of
20 eight hours in a workday.

21     28.    Despite that California law requires employers to pay employees a higher rate of pay
22 for all hours worked in excess of eight hours in a workday, Defendants failed to pay their non-
23 exempt employees overtime wages due to them for their daily overtime hours worked. Specifically,
24 Defendants failed to account for pre-shift time that Plaintiffs and other non-exempt employees spent
25 subject to their control and the overtime hours that forced the employees to work, and Defendants
26 failed to pay those employees overtime premium wages of one and one-half times their the regular
27 rate of pay for all time in excess of eight hours in a workday in which they were subject to
28 Defendants' control.

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

7

29.     Defendants also, as a matter of policy and/or procedure, failed to account for overtime hours worked by non-exempt employees on a daily basis, instead calculating overtime hours after employees had worked more than forty (40) hours in a workweek. By ignoring daily overtime hours, Defendants failed compensate Plaintiffs and similarly situated employees for all of their overtime hours worked.

30.     The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

31.     **Failure to pay non-exempt employees wages to compensate them for workdays Defendants failed to authorize or permit periods:** California law requires an employer to provide an employee a rest period of ten (10) net minutes for every four hours worked, "which insofar as practicable shall be in the middle of each work period." Cal. Lab. Code §226.7; Wage Order §12. Thus, employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts between six and ten hours in length, and so on. *Brinker Rest. Corp. v. Super Ct.(Hohnbaum)* (2012) 53 Cal.4th 1004, 1029.

32.     If an employer fails to authorize or permit a required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide all legally required rest periods.

33.     Defendants, as a matter of policy and/or practice, failed to authorize or permit all separately required ten-minute rest periods. Instead, Defendants aggregated meal and rest period time into a single hour-long "break." Thus, if non-exempt employees worked seven or more hours, Defendants did not, as a matter of policy and/or procedure, authorize or permit two separate rest periods of at least ten minutes each. Defendants' policies and procedures ensured Defendants did not authorize or permit non-exempt employees to take all legally required rest periods.

34.     Defendants adequately staffed the auto shows to allow each product specialist time to take the required rest periods, and the nature of the work did not make it impracticable to authorize and permit rest periods in the middle of each four-hour work period when non-exempt employees worked seven hours or more.

35.     Defendants also failed to pay premium wages to Plaintiff and similarly situated

8

Exhibit A, Page 17

employees to compensate them for each workday Defendants failed to authorize or permit the employees all legally required rest periods. Defendants employed policies and procedures which ensured employees did not receive any premium wages to compensate them for the workdays in which Defendants failed to authorize or permit the employees all legally required rest periods.

36.     This practice resulted in Plaintiff and all other similarly situated employees not receiving premium wages to compensate them for workdays which Defendants did not authorize or permit them to take rest periods, in violation of California law.

37.     The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

38.     **Failure to pay wages timely**: California Labor Code section 204 provides that all wages other than those mentioned in Section 201.3 are due and payable either weekly, biweekly, or twice per calendar month. California Labor Code section 201.3(b) provides, "if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week."

39.     Defendants UTA and ARCARO CA employed a policy and procedure which ensured that non-exempt employees would not get paid their earned wages for as few as thirty (30) and as many as ninety (90) days after the end of the auto show the employees worked.

40.     Thus, Defendants' pay practices violated California Labor Code sections 204 and 201.3.

41.     The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

42.     **Failure to provide non-exempt employees timely and accurate wage statements**: California Labor Code section 226(a) provides that employers must provide itemized wage statements to their employees, including, *inter alia*, gross and net wages earned, total hours worked by the employee, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

9

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

43. Defendants UTA and ARCARO CA failed to provide accurate wage statements to Plaintiffs and similarly situated non-exempt employees who were subject to Defendants' control for uncompensated time, including overtime hours, or the premium wages for missed rest periods and overtime hours to which Plaintiffs and other similarly situated non-exempt employees were and are entitled.

44. Defendants UTA and ARCARO CA also failed to include the rate of pay and total hours worked for each temporary assignment on the wage statements of Plaintiffs and other similarly situated non-exempt employees.

45. In addition, Defendants UTA and ARCARO CA failed to provide wage statements either semimonthly or weekly (as required under Labor Code section 201.3), in violation of Labor Code section 226(a).

46. The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

47. **Failure to pay non-exempt employees all wages due at time of separation of employment**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Labor Code section 201) or within 72 hours of resignation (Labor Code section 202).

48. Because Defendants failed to pay Plaintiff Chen and other non-exempt employees with all wages (including minimum wage, overtime wages, and unpaid rest period premium wages, as discussed above) during their employment and never paid these amounts after separation of employment, Defendants failed to pay those employees timely after each employee's termination and/or resignation.

49. Further, Defendants had a policy and/or procedure of not paying any wages until 30 to 90 days following the last show in which Plaintiffs and other non-exempt employees worked, in violation of California Labor Code sections 201, 201.3, 202, and 204.

50. The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

///

### III.   CLASS ACTION ALLEGATIONS

51.   Plaintiffs bring this action on behalf of themselves, on behalf of all others similarly situated, and on behalf of the General Public, and as members of a Class defined as follows:

A.   **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were not compensated at least at minimum wage for all hours worked.

B.   **Overtime Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than eight hours in a workday and/or 40 hours in a workweek to whom Defendants did not pay overtime wages.

C.   **Rest Period Class**:  All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked shifts of more than six hours yet Defendants did not authorize or permit all required rest periods of not less than ten minutes each.

D.   **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage statements.

E.   **Waiting Time Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the three years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages within the statutory time period upon separation of employment.

F.   **California Class**: All aforementioned classes are hereby collectively referred to as the "California Class."

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

52.     There is a well defined community of interest in the litigation and the classes are ascertainable:

A.     **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.     **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominates over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.     Whether Defendants violated California Labor Code sections 1194 and 1197 by not paying employees' wages at least at a minimum wage rate for time that the California Class were subject to Defendants' control but were not paid;

ii.     Whether Defendants violated California Labor Code sections 510 and 1194 by not paying the California Class at the applicable overtime rates of pay for workdays worked in excess of eight hours as a result of not paying the Class Members for all hours worked in a workday;

iii.     Whether Defendants violated California Labor Code section 226.7, as well as the applicable Wage Order, by employing California Class Members without authorizing or permitting all their required rest periods or paying rest period premium wages;

iv.     Whether Defendants failed to provide the California Class Members with accurate itemized statements;

v.     Whether Defendants failed to provide California Class Members with all unpaid wages within the statutory time period following separation of employment;

vi.     Whether Defendants committed unlawful business acts or practices within the meaning of Business and Professions Code section 17200 *et seq.*;

vii.     Whether Class Members are entitled to unpaid wages, penalties, interest, fees and other relief in conjunction with their claims; and

viii.     Whether, as a consequence of Defendant's unlawful conduct, the Class

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

12

Exhibit A, Page 21

1  Members are entitled to restitution, and/or equitable relief; and

2          ix.      Whether Defendant's affirmative defenses, if any, raise any common

3  issues of law or fact as to Plaintiff, and the Class Members as a whole.

4          C.      **Typicality**: Plaintiffs' claims are typical of the claims of the Class Members

5  in each of the classes.  Plaintiffs and the members of the Minimum Wage Class sustained damages

6  arising out of Defendants' failure to pay wages at least California's minimum wage for all time in

7  which they Plaintiffs and other Class Members were subject to Defendants' control. Plaintiffs and

8  the members of the Overtime Class sustained damages arising out of Defendants' failure to pay

9  overtime premium wages for workdays in which Class Members were subject to Defendants' control

10  but not paid for their time, resulting in workdays in which employees worked more than eight hours.

11  Plaintiffs and the members of the Rest Period Class sustained damages arising out of Defendants'

12  failure to authorize or permit Class Members all legally required rest periods and failure to pay rest

13  period premium wages as compensation. Plaintiffs and the members of the Wage Statement Class

14  sustained damages arising out of Defendants' failure to furnish Class Members with accurate

15  itemized wage statements in compliance with California Labor Code section 226. Plaintiffs and the

16  members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide

17  Class Members all unpaid yet earned wages due upon the end of their employment.

18          D.      **Adequacy of Representation**: Plaintiffs will fairly and adequately protect the

19  interests of the members of each class. Plaintiffs have no interest that is adverse to the interests of the

20  other class members. Plaintiffs' Counsel is qualified to conduct the litigation.

21          E.      **Superiority**:  A class action is superior to other available means for the fair

22  and efficient adjudication of this controversy. Because individual joinder of all members of each

23  class is impractical, class action treatment will permit a large number of similarly situated persons to

24  prosecute their common claims in a single forum simultaneously, efficiently, and without the

25  unnecessary duplication of effort and expense that numerous individual actions would engender. The

26  expenses and burdens of individual litigation would make it difficult or impossible for individual

27  members of each class to redress the wrongs done to them, while important public interests will be

28  served by addressing the matter as a class action. The cost to and burden on the court system of

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

13

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

   F. **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY AT LEAST THE LEGAL MINIMUM WAGE RATE FOR ALL TIME WORKED, IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(By the Minimum Wage Class against UTA, FORD, EWI, ARCARO CA, and DOES 1-50)**

   53. Plaintiffs hereby incorporate by reference paragraphs 1-52 above, as if fully set herein by reference.

   54. At times relevant to this Complaint, Plaintiffs and the members of the Minimum Wage Class were non-exempt employees of UTA, FORD, EWI, Does 1-50, or any of them, covered by California Labor Code sections 1194 and 1197. At times relevant to this Complaint, Plaintiff Faulkner and similarly situated members of the Minimum Wage Class were non-exempt employees of ARCARO CA, covered by California Labor Code sections 1194 and 1197.

   55. Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiffs and members of the Minimum Wage Class are entitled to receive wages for all hours worked and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

   56. UTA's payroll policies and procedures required employees of the California Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to UTA's control, including but not limited to pre-shift reporting time.

   57. FORD's payroll policies and procedures required employees of the California Class to

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to FORD's control, including but not limited to pre-shift reporting time.

58.    EWI's payroll policies and procedures required employees of the California Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to EWI's control, including but not limited to pre-shift reporting time.

59.    ARCARO CA's payroll policies and procedures required employees of the California Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to ARCARO CA's control, including but not limited to pre-shift reporting time.

60.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

61.    Pursuant to California Labor Code section 1194, Plaintiffs and members of the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, and attorney's fees and costs.

62.    Pursuant to California Labor Code section 1194.2(a), Plaintiffs and members of the Minimum Wage Class are entitled to recover liquidated damages in the amount of their unpaid minimum wage.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF
### CALIFORNIA LABOR CODE SECTIONS 510, 1194 AND 1198
### (By the Overtime Class Against UTA, FORD, EWI, ARCARO CA, and DOES 1-50)

63.    Plaintiffs hereby incorporate by reference paragraphs 1-62 above, as if fully set herein by reference.

64.    At times relevant to this Complaint, Plaintiffs and the members of the Overtime Class were non-exempt employees of UTA, FORD, EWI, Does 1-50, or any of them, covered by California Labor Code sections 510 and 1194 and the Wage Order. At times relevant to this Complaint, Plaintiff Faulkner and similarly situated members of the Overtime Class were non-exempt employees

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

15

of ARCARO CA, covered by California Labor Code sections 510 and 1194 and the Wage Order.

65. Pursuant to California Labor Code sections 510 and 1194 and the Wage Order, non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight hours in a workday.

66. California Labor Code section 510, subdivision (a), states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and on-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

67. Further, California Labor Code section 1198 provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Section 3(A)(1) of the Wage Order provides that eight hours of labor constitutes a day's work, and that employees must be paid at the overtime rates specified in Labor Code section 510(a).

68. UTA's payroll policies and procedures required Plaintiffs and similarly situated non-exempt employees of the Overtime Class to be subject to its control in excess of eight hours in a workday, yet UTA did not pay employees overtime wages for this time. FORD's payroll policies and procedures required Plaintiffs and similarly situated non-exempt employees of the Overtime Class to be subject to its control in excess of eight hours in a workday, yet FORD did not pay employees overtime wages for this time. EWI's payroll policies and procedures required Plaintiffs and similarly situated non-exempt employees of the Overtime Class to be subject to its control in excess of eight hours in a workday, yet EWI did not pay employees overtime wages for this time. ARCARO CA's payroll policies and procedures required Plaintiff Faulkner and similarly situated

16

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

non-exempt employees of the Overtime Class to be subject to its control in excess of eight hours in a workday, yet ARCARO CA did not pay employees overtime wages for this time.

69.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at an overtime rate of pay for all hours worked which constitute overtime hours.

70.     Pursuant to California Labor Code section 1194, Plaintiffs and the Overtime Class members are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorney's fees and costs.

### THIRD CAUSE OF ACTION

**FAILURE TO AUTHORIZE OR PERMIT REST PERIODS, IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7 AND THE WAGE ORDER**

**(By the Rest Period Class Against UTA, FORD, EWI, ARCARO CA, and DOES 1-50)**

71.     Plaintiffs hereby incorporate by reference paragraphs 1-70 above, as if fully set herein by reference.

72.     At times relevant to this Complaint, Plaintiffs and the members of the Rest Period Class were non-exempt employees of UTA, FORD, EWI, Does 1-50, or any of them, covered by California Labor Code section 226.7 and the Wage Order. At times relevant to this Complaint, Plaintiff Faulkner and similarly situated members of the Rest Period Class were non-exempt employees of ARCARO CA, covered by California Labor Code section 226.7 and the Wage Order.

73.     California law requires an employer to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours worked. Cal. Lab. Code §226.7; Wage Order §12. Such rest periods must be in the middle of the four-hour period "insofar as practicable." *Id.* If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide at least one legally required rest period. *Id.*

74.     UTA, FORD, EWI, ARCARO CA, and Does 1-50 failed to authorize or pemit Plaintiffs and other Class Members to take all required rest periods and failed to pay wages to Plaintiffs and similarly situated employees to compensate them for each workday they worked more

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

17

Exhibit A, Page 26

than six hours yet UTA, FORD, EWI, ARCARO CA, and Does 1-50 did not authorize or permit all rest periods to those employees. Rather, UTA, FORD, EWI, ARCARO CA, and Does 1-50 employed policies and procedures that ensured Plaintiffs and similarly situated employees would not receive all legally required rest periods.

75.     UTA, FORD, EWI, ARCARO CA, and Does 1-50 also employed policies and procedures that ensured Plaintiffs and similarly situated employees did not receive any premium wages to compensate them for workdays that they did not receive all legally required rest periods.

76.     The above practices resulted in Plaintiff and all other similarly situated employees not receiving wages to compensate them for workdays in which UTA, FORD, EWI, ARCARO CA, and Does 1-50 did not provide them with rest periods in compliance with California law.

77.     Pursuant to California Labor Code section 226.7 and the Wage Order, Plaintiffs and other Rest Priod Class Members seek and are entitled to one hour of pay for each workday that UTA, FORD, EWI, ARCARO CA, and Does 1-50 failed to provide all rest periods, plus pre-judgment interest.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE TIMELY AND ACCURATE WAGE STATEMENTS, IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 226

**(By the Wage Statement Class Against UTA, FORD, EWI, ARCARO CA, and DOES 1-50)**

78.     Plaintiffs hereby incorporate by reference paragraphs 1-77 above, as if fully set herein by reference.

79.     At all relevant times, Plaintiffs and the other members of the Wage Statement Class were non-exempt employees of UTA, FORD, EWI, Does 1-50, or any of them, covered by California Labor Code section 226. At all relevant times, Plaintiff Faulkner and similarly situated members of the Wage Statement Class were non-exempt employees of ARCARO CA, covered by California Labor Code section 226.

80.     Pursuant to California Labor Code section 226, subdivision (a), Plaintiffs and the other members of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

81.     Defendants' illegal wage practices, including but not limited to Defendants' failure to pay at least minimum wage for all time worked, failure to pay overtime premium wages for all overtime hours worked, and failure to pay rest period premium wages, resulted in Defendants providing their non-exempt employees with inaccurate itemized wage statements in violation of California Labor Code section 226, including but not limited to the employees' gross and net pay and all applicable hourly rates and earnings at each rate, particularly for each temporary services assignment.

82.     Further, pursuant to Labor Code section 201.3, subdivision (b), payment of wages was due no less frequently than weekly, yet Defendants failed to provide wage statements either weekly or even semimonthly.

83.     Defendants' failure to provide Plaintiffs and members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiffs and members of the Class with accurate wage statements but intentionally failed to do so. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants' knowing and intentional failure to provide accurate wage statements. These practices included Defendants' failure to provide Plaintiffs and other similarly situated

Exhibit A, Page 28

employees with wage statements of all the employees' applicable rates of pay and wages due.

84.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Wage Statement Class have suffered injury.  The absence of accurate information in the form of wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records.  Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.  As a result, Plaintiffs and similarly situated employees are required to participate in this lawsuit and create more difficulty and expense for Plaintiffs and similarly situated employees from having to reconstruct time and pay records than if Defendants had complied with their legal obligations when required to do so.

85.     Pursuant to California Labor Code section 226(e), Plaintiffs and members of the Wage Statement Class are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred, and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

86.     Pursuant to California Labor Code Section 226(h), Plaintiffs and members of the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with California Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed members of the Class with inaccurate wage statements, in violation of California Labor Code section 226(a), and currently employed members of the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct.  Injunctive relief is the only remedy available for ensuring Defendants' compliance with California Labor Code section 226(a).

87.     Pursuant to California Labor Code sections 226(e) and 226(h), Plaintiffs and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorney's fees, and costs of suit.

///

///

Exhibit A, Page 29

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN VIOLATION OF LABOR CODE SECTIONS 201 AND 202**

**(By the Waiting Time Class Against UTA, FORD, EWI, and DOES 1-50)**

88. Plaintiffs hereby incorporate by reference paragraphs 1-87 above, as if fully set herein by reference.

89. At all relevant times, Plaintiffs and the other members of the Waiting Time Class were non-exempt employees of UTA, FORD, EWI, and Does 1-50 covered by Labor Code sections 201 or 202.

90. Pursuant to Labor Code sections 201.3(b) and 201 or 202, Plaintiffs and members of the Waiting Time Class were entitled upon separation of employment to timely payment of all wages earned and unpaid prior to such separation. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

91. The employment of Plaintiffs and other Class Members was separated at the end of each season, yet Defendants failed to pay all wages due upon separation of employment, including unpaid minimum wage, overtime premium wages, and rest period premium wages.

92. Moreover, Defendants had a policy and/or practice of not paying Plaintiffs and other similarly situated employees their paychecks until between thirty (30) and ninety (90) days following the completion of a show, in violation of California Labor Code sections 201, 201.3, 202, and 204. Thus, Defendants failed to timely pay Plaintiffs and other non-exempt employees their final paychecks immediately upon discharge each time the employees' employment ended.

93. Because of the above policies and/or practices, Defendants failed to timely pay Plaintiffs and other members of the Waiting Time Class all wages earned prior to separation of employment in accordance with Labor Code sections 201 or 202. Plaintiffs are informed and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of

21

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

1   action, Defendants maintained a policy or practice of not timely paying non-exempt employees all

2   earned wages upon separation of employment.

3        94.     Defendants' failure to timely pay Plaintiffs and other members of the Waiting Time

4   Class all wages earned prior to separation of employment in accordance with Labor Code sections

5   201 or 202 was willful. Defendants had the ability to pay all wages earned by non-exempt employees

6   prior to separation of employment in accordance with Labor Code sections 201 or 202 but

7   intentionally adopted policies or practices incompatible with the requirements of Labor Code

8   sections 201 or 202. Defendants' practices are described in further detail above. When Defendants

9   failed to pay non-exempt employees timely upon separation of employment all unpaid wages earned

10  prior to such separation, Defendants knew what they were doing and intended to do what they did.

11       95.     Pursuant to Labor Code sections 201 or 202, Plaintiffs and other members of the

12  Waiting Time Class are entitled to all wages earned prior to separation of employment that

13  Defendants did not pay them.

14       96.     Pursuant to Labor Code section 203, Plaintiffs and other members of the Waiting

15  Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages

16  were due upon separation of employment until paid, up to a maximum of 30 days.

17       97.     As a result of Defendants' conduct, Plaintiffs and other members of the Waiting Time

18  Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all

19  wages earned prior to the separation of their employment.

20       98.     As a result of Defendants' conduct, Plaintiffs and other members of the Waiting Time

21  Class have suffered damages in an amount, subject to proof, to the extent they were not paid all

22  continuation wages owed under Labor Code Section 203.

23       99.     Pursuant to Labor Code sections 201 and 202, Plaintiffs and other members of the

24  Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages

25  under Section 203, and interest thereon.

26  ///

27  ///

28  ///

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

### SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND

### PROFESSIONS CODE SECTION 17200, *et seq.*

### (By the California Class Against All Defendants)

100. Plaintiffs hereby incorporate by reference paragraphs 1-99 above, as if fully set herein by reference.

101. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in Defendants' failure to: pay employees at least minimum wage for all time worked; pay overtime wages for workdays in excess of eight hours and/or workweeks in excess of 40 hours; authorize or permit all required rest periods or pay rest period premium wages; pay all earned wages within the statutory periods defined by California Labor Code sections 201.3 and 204; provide timely and accurate wage and hour statements; and timely pay all wages due upon separation of employment and/or timely provide final paychecks. Because of their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to do the following: pay minimum wage for all hours worked; pay overtime premium wages for all hours worked; authorize or permit all required rest periods; provide timely and accurate wage statements; and timely pay all unpaid wages following separation of employment.

102. As a result of Defendants' unfair competition as alleged herein, Plaintiffs and members of the Minimum Wage Class, Overtime Class, Rest Period Class, Wage Statement Class, and Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

103. Pursuant to Business and Professions Code Section 17203, Plaintiffs and members of the Minimum Wage Class, Overtime Class, Rest Period Class, Wage Statement Class, and Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay them and wrongfully retained by means of their unlawful and unfair

Exhibit A, Page 32

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

business practices. Plaintiffs also seek an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFFS, ON THEIR BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAY AS FOLLOWS:**

### **ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:**

1.      That the Court determine that this action may be maintained as a class action (for the California Class) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.      That the named Plaintiffs be designated as class representatives for the California Class (and all sub-classes thereof);

3.      That counsel for Plaintiffs be designated as Class Counsel;

4.      A declaratory judgment that the practices complained herein are unlawful; and,

5.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

### **ON THE FIRST CAUSE OF ACTION:**

1.      That Defendants be found to have violated the minimum wage provisions of the California Labor Code and the IWC Wage Order as to Plaintiffs and the Minimum Wage Class;

2.      For damages, according to proof, including but not necessarily limited to unpaid wages;

3.      For any and all legally applicable penalties;

4.      For liquidated damages pursuant to California Labor Code section 1194.2;

5.      For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A, Page 33

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

6.    For attorney's fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194;

7.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and,

8.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SECOND CAUSE OF ACTION:

1.    That Defendants be found to have violated the overtime provisions of the California Labor Code and the Wage Order as to Plaintiffs and the Overtime Class;

2.    For damages, according to proof, including but not limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

5.    For attorney's fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

6.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE THIRD CAUSE OF ACTION:

1.    That Defendants be found to have violated the rest period provisions of the California Labor Code and the IWC Wage Order as to Plaintiffs and the Rest Period Class;

2.    For damages, according to proof, including unpaid premium wages;

3.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

4.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE FOURTH CAUSE OF ACTION:

1.    That Defendants be found to have violated the provisions of the California Labor Code regarding timely and accurate itemized paystubs as to Plaintiffs and the Wage Statement Class;

25

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

Exhibit A, Page 34

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under California Labor Code section 226(e) and any other legally applicable damages or penalties;

3.      For pre-judgment interest and post-judgment interest;

4.      For injunctive relief under California Labor Code section 226(h);

5.      For attorney's fees and costs of suit, including but not limited to that recoverable under California Labor Code sections 226(e) and 226(h); and,

6.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE FIFTH CAUSE OF ACTION:

1.      That Defendants UTA, FORD, EWI, and Does 1 to 100, inclusive, be found to have violated the provisions of the Labor Code regarding payment of wages due upon separation of employment as to Plaintiffs and the Waiting Time Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.      For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SIXTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to all Classes;

2.      A declaratory judgment that the practices complained herein are unlawful;

3.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.      For restitution to the full extent permitted by law; and,

///

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

26

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit A, Page 35

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated:  November 23, 2016

FELDMAN BROWNE OLIVARES,
A Professional Corporation

By:    _____
       LEE R. FELDMAN
       LEONARD H. SANSANOWICZ
       Attorneys for Plaintiffs, HENRY CHEN,
       REBECCA FAULKNER, and all others
       similarly situated

## DEMAND FOR JURY TRIAL

Plaintiffs Henry Chen and Rebecca Faulkner hereby demand a trial by jury for themselves and the California Class on all claims so triable.

Dated:November 23, 2016

FELDMAN BROWNE OLIVARES,
A Professional Corporation

By:    _____
       LEE R. FELDMAN
       LEONARD H. SANSANOWICZ
       Attorneys for Plaintiffs, HENRY CHEN,
       REBECCA FAULKNER, and all others
       similarly situated

COPY

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
Leonard H. Sansanowicz, Esq. (SBN 255729)
Lee R. Feldman, Esq. (SBN 171628)
Feldman Browne Olivares, APC.
12400 Wilshire Blvd., Suite 1100
Los Angeles, CA 90025
TELEPHONE NO.: (310)207-8500     FAX NO.: (310)207-8515
ATTORNEY FOR *(Name):* Henry Chen

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 23 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: Chen v. United Talent Agency

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 6 4 1 9 3 0 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rule 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties
 b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [ ] Substantial amount of documentary evidence
 d. [ ] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* Six (6)

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: November 23, 2016

Leonard H. Sansanowicz, Esq. (SBN 255729)
(TYPE OR PRINT NAME)     ▶     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**CM-010**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

COPY

| SHORT TITLE: Chen v. United Talent Agency | CASE NUMBER BC 6 4 1 9 3 0 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES  CLASS ACTION? [x] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 20 [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C. Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit A, Page 39

LA-CV109

| SHORT TITLE: Chen v. United Talent Agency | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)    **CIVIL CASE COVER SHEET ADDENDUM**    Local Rule 2.3
LASC Approved 03-04    **AND STATEMENT OF LOCATION**    Page 2 of 4

Exhibit A, Page 40

| SHORT TITLE: Chen v. United Talent Agency | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C. Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Exhibit A, Page 41

| SHORT TITLE: Chen v. United Talent Agency | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>[x]1. [x]2. [x]3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS: The L.A. Hotel Downtown, 333 S. Figueroa St. |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90071 |
|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd. (a).

Dated: __November 23, 2016__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Leonard H. Sansanowicz, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 4 of 4

Exhibit A, Page 42

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____    **BC 6 41 9 3 0**

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
| Judge  Amy D. Hogue | 307 | 1402 |
| OTHER | | |

### Instructions for handling Class Action Civil Cases
The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on **NOV  2  3  2016**    SHERRI R. CARTER, Executive Officer/Clerk

By _____ , Deputy Clerk

Exhibit A, Page 43

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)
Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)
Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Exhibit A, Page 46

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| LACIV 036 (new)<br>LASC Approved 04/11<br>For Optional Use | **STIPULATION – DISCOVERY RESOLUTION** | Page 1 of 3 |
|---|---|---|

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

Exhibit A, Page 49

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br>

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional) | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

Exhibit A, Page 51

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

Exhibit A, Page 52

ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOTICE SENT TO:

Feldman, Lee R., Esq.
Feldman Browne Olivares, APC
12400 Wilshire Blvd., Suite 1100
Los Angeles,      CA   90025

JAN 05 2017

Sherri R. Carter, Executive Officer/Clerk
By: Jan Josef Manrique, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| HENRY CHEN ET AL<br><br>              Plaintiff(s),<br><br>     VS.<br><br>UNITED TALENT AGENCY LLC ET AL<br>              Defendant(s). | BC641930<br><br>**Notice of Case Reassignment and of<br>Order for Plaintiff to Give Notice** |

### TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD or PLAINTIFF(S) IN PROPRIA PERSONA:

YOU ARE HEREBY NOTIFIED that effective  November 28, 2016 , an order was made that the above-entitled action, previously assigned to  Maren E. Nelson , is now and shall be assigned to  Maren E. Nelson  as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department  307 .  (See Chapter 3, Los Angeles Court Rules.) All matters on calendar in this case will remain set on the dates previously noticed, in the Department indicated above unless otherwise ordered by the court.

NOTICE IS FURTHER GIVEN that the order directs that plaintiff and counsel for the plaintiff shall give notice of this all purpose case assignment by serving a copy of this Notice on all parties to this action within 10 days of service of this Notice by the court, and file proof of service thereof within 12 days of this Notice.  Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure Section 177.5 or otherwise.

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date:  January 5, 2017                 Sherri R. Carter, EXECUTIVE OFFICER/CLERK

                            /s/ **JAN JOSEF  MANRIQUE**

                          By_____,Deputy Clerk

COPY

FEB 02 2017
3:00

Lee R. Feldman, Esq. (SBN 171628)
lee@leefeldmanlaw.com
Leonard H. Sansanowicz, Esq. (SBN 255729)
leonard@leefeldmanlaw.com
**FELDMAN BROWNE OLIVARES**
**A Professional Corporation**
12400 Wilshire Blvd., Suite 1100
Los Angeles, California 90014
Telephone: (310) 207-8500
Fax:          (310) 207-8515

Attorneys for Plaintiffs, HENRY CHEN,
REBECCA FAULKNER, and all others
similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 3 0 2017

Sherri R. Carter, Executive Officer/Clerk

By CRYSTAL VARGAS          , Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST**

| | |
|---|---|
| HENRY CHEN, an individual, REBECCA FAULKNER, an individual, and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED TALENT AGENCY, LLC, a Florida Limited Liability Company; FORD MOTOR COMPANY, a Delaware Corporation; EWI WORLDWIDE, a business entity of unknown form; CYNTHIA ARCARO ENTERPRISES CALIFORNIA, LLC, a California Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  BC641930<br><br>*[Case Assigned to Honorable Maren E. Nelson in Department 307]*<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:**<br><br>1. **FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE RATE, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 1194 AND 1197**<br><br>2. **FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME AND ALL TIME WORKED, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 510, 1194, AND 1198**<br><br>3. **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS OR PAY REST PERIOD PREMIUM WAGES, IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7**<br><br>4. **FAILURE TO PROVIDE TIMELY, ACCURATE WAGE STATEMENTS, IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**<br><br>5. **FAILURE TO TIMELY PAY ALL** |

1

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

1

2

3

4

5

6

7

**EARNED WAGES DUE AT TIME OF
SEPARATION OF EMPLOYMENT, IN
VIOLATION OF CALIFORNIA
LABOR CODE SECTIONS 201, 202**

6. **UNFAIR BUSINESS PRACTICES, IN
VIOLATION OF BUSINESS AND
PROFESSIONS CODE SECTION
17200,** *et seq.*

7. **CIVIL PENALTIES PURSUANT TO
LABOR CODE SECTION 2698,** *et seq.*

**DEMAND FOR A JURY TRIAL**

8   COME NOW plaintiffs HENRY CHEN and REBECCA FAULKNER (collectively,

9   "Plaintiffs"), as individuals and representatives of those similarly situated, by and through their

10  undersigned attorneys and for this complaint against defendants UNITED TALENT AGENCY, LLC,

11  a Florida Limited Liability Company ("UTA"); FORD MOTOR COMPANY, a Delaware

12  Corporation ("FORD"); EWI WORLDWIDE, a business entity of unknown form ("EWI");

13  CYNTHIA ARCARO ENTERPRISES CALIFORNIA, LLC, a California Limited Liability

14  Company ("ARCARO CA"); and DOES 1 through 100, inclusive (collectively, "Defendants"),

15  allege upon personal knowledge and belief as to their own acts, and upon information and belief

16  (based upon the investigation of their counsel) as to all other matters, as to which allegations they

17  believe substantial evidentiary support will exist after a reasonable opportunity for further

18  investigation and discovery, as follows:

19                          **I.      INTRODUCTION**

20  This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay for

21  all hours worked at least at minimum wage; failure to pay overtime premium wages for overtime

22  hours worked; statutory penalties for failure to provide timely and accurate wage statements; waiting

23  time penalties in the form of continuation wages for failure to timely pay employees all wages due

24  upon separation of employment; liquidated damages for failure to pay minimum wage; unjust

25  enrichment; injunctive relief and other equitable relief; reasonable attorney's fees pursuant to

26  California Labor Code sections 226(h) and 1194; costs; and interest brought on behalf of Plaintiffs

27  and others similarly situated.

28

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit A, Page 55

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

## II.   THE PARTIES

1.   Plaintiff Henry Chen ("Chen") is, and at all times herein mentioned was, an individual residing in Los Angeles County. Plaintiff was jointly employed as a product specialist by Defendants UTA, Ford, and EWI to showcase Ford vehicles at various automobile shows from September 2013 through January 3, 2016, throughout California and other locations.

2.   Plaintiff Rebecca Faulkner ("Faulkner") is, and at all times herein mentioned was, an individual residing in Massachusetts and New Hampshire. Plaintiff has been jointly employed as a product specialist by all Defendants to showcase Ford vehicles at various automobile shows since September 2008 throughout California and other locations.

3.   Plaintiffs are informed and believe and on that basis allege that Defendant UTA is, and at all times herein mentioned was, a Florida Limited Liability Company that jointly employed Plaintiffs and other non-exempt employees throughout the State of California and therefore its conduct forms a significant basis of the claims asserted in this matter.

4.   Plaintiffs are informed and believe and on that basis allege that Defendant FORD is, and at all times herein mentioned was, a Delaware corporation that jointly employed Plaintiffs and other non-exempt employees throughout the State of California and therefore its conduct forms a significant basis of the claims asserted in this matter.

5.   Plaintiffs are informed and believe and on that basis allege that Defendant EWI is, and at all times herein mentioned was, a Delaware corporation that jointly employed Plaintiffs and other non-exempt employees throughout the State of California and therefore its conduct forms a significant basis of the claims asserted in this matter.

6.   Plaintiffs are informed and believe and on that basis allege that Defendant ARCARO CA is, and at all times herein mentioned was, a California limited liability company that jointly employs Plaintiff Faulkner and other non-exempt employees throughout the State of California and therefore its conduct forms a significant basis of the claims asserted in this matter.

7.   Plaintiffs are informed and believe and thereon allege that defendant Does 1 through 50 are corporations or are other business entities or organizations of a nature unknown to Plaintiffs.

8.   Plaintiffs are informed and believe and thereon allege that UTA is authorized to do

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

**3**

business within the State of California and is doing business in the State of California and/or that Defendants Does 51 through 60 are, and at all times relevant hereto were, individuals acting on behalf of UTA in the establishment of, or ratification, of, the aforementioned illegal wage and hour practices or policies. UTA operates in Los Angeles County and employed Plaintiff Chen and other putative class members in Los Angeles County and throughout California.

9.     Plaintiffs are informed and believe and thereon allege that FORD is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants Does 61 through 70 are, and at all times relevant hereto were, individuals acting on behalf of FORD in the establishment of, or ratification, of, the aforementioned illegal wage and hour practices or policies. FORD operates in Los Angeles County and employed Plaintiff Chen and other putative class members in Los Angeles County and throughout California.

10.     Plaintiffs are informed and believe and thereon allege that EWI is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants Does 71 through 80 are, and at all times relevant hereto were, individuals acting on behalf of EWI in the establishment of, or ratification, of, the aforementioned illegal wage and hour practices or policies. EWI operates in Los Angeles County and employed Plaintiff Chen and other putative class members in Los Angeles County and throughout California.

11.     Plaintiffs are informed and believe and thereon allege that ARCARO CA is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants Does 81 through 90 are, and at all times relevant hereto were, individuals acting on behalf of ARCARO CA in the establishment of, or ratification, of, the aforementioned illegal wage and hour practices or policies. ARCARO CA operates in Los Angeles County and employed Plaintiff Faulkner and other putative class members throughout California.

12.     Plaintiffs are informed and believe and thereon allege that Defendants Does 91 through 100 are individuals unknown to Plaintiffs. Each of the individual defendants is sued individually and in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification, of, the aforementioned illegal wage and hour practices or policies.

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

4

13.     Plaintiffs currently are unaware of the true names of Defendants Does 1 through 100. Plaintiffs sue said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiffs are informed and believe that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

14.     Plaintiffs are informed, believe, and thereon allege that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiffs further are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes defendants UTA, FORD, EWI, ARCARO CA, and Does 1 through 100.

15.     At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

16.     Plaintiffs make the allegations in this complaint without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proving, or persuading. Plaintiffs reserve all of their rights to plead in the alternative.

### III.     JURISDICTION AND VENUE

17.     This Court has jurisdiction and venue is proper in this county for the following

5

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

reasons: Defendants operate throughout California; Defendants employed Plaintiff Chen in Los Angeles County; the principal violations of California law occurred in California; the conduct of Defendants forms a significant basis for Plaintiffs' and the Class Members' claims; and Plaintiffs and Class Members seek significant relief from Defendants.

## IV.   **DESCRIPTION OF ILLEGAL PAY PRACTICES**

18.     Pursuant to the applicable Industrial Welfare Commission Wage Order ("Wage Order"), codified at California Code of Regulations title 8, section 11140, UTA, FORD, EWI, ARCARO CA, and business entities sued as DOES 1-50 were and are employers of Plaintiffs and others similarly situated within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

19.     Plaintiffs worked as product specialists for Defendants, representing Ford Motor Company at auto shows throughout California and other locations. The auto shows ranged in duration from a few days to a couple of weeks. Defendants UTA and ARCARO CA contracted with FORD to provide product specialists at the auto shows. Defendants UTA and ARCARO CA are "temporary services employers" under the meaning of California Labor Code section 201.3.

20.     Defendants, and each of them, jointly employed Plaintiffs and others similarly situated by controlling the wages, hours, and/or working conditions of the non-exempt employees who were product specialists at Ford auto shows. Defendants UTA and ARCARO CA controlled the wages and working conditions of non-exempt employees, Defendant FORD controlled non-exempt employees' working conditions, Defendant EWI provided supervisors who controlled non-exempt employees' working conditions, and Defendants UTA, ARCARO CA, and FORD evaluated each non-exempt employee's performance, considered non-exempt employees for rehire, and had the authority to discharge non-exempt employees at will.

21.     **Failure to pay wages for all hours worked at California's minimum wage**: Defendants employ many of their employees, including Plaintiffs, as non-exempt employees. In California, an employer is required to pay hourly non-exempt employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

22.     Plaintiffs and similarly situated employees worked many hours for which Defendants failed to compensate the employees at all.  Specifically, Defendants had a policy and/or practice requiring their non-exempt employees to report to their exhibit booth workstations at least fifteen (15) minutes prior to the start of each workday, and at least thirty (30) minutes prior to the start of the workday on the first day of each auto show.  Defendants failed to compensate Plaintiffs and similarly situated employees for the pre-shift time during which they were subject to Defendants' control but were not paid.

23.     Defendants also had a policy and/or practice of requiring non-exempt employees to complete training sessions online, which required hours of time. Defendants failed to compensate Plaintiffs and similarly situated employees for any time they spent on online training sessions.

24.     Defendants further had a policy and/or practice of requiring non-exempt employees to book their travel exclusively through Defendants, who paid for the transit. In this way, Defendants controlled the manner and means of the extended travel time of Plaintiffs and other similarly-situated employees. Such extended travel time is compensable at least at the minimum wage.

25.     The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

26.     **Failure to pay wages for all hours worked in excess of eight hours per day at the non-exempt employees' overtime rate of pay**: As a result of Defendants' policy and/or practice requiring non-exempt employees to report to work either 15 or 30 minutes prior to their scheduled start time, Defendants' non-exempt employees routinely worked more than eight hours per workday.

27.     California Labor Code sections 510 and 1194 require an employer to compensate employees a higher rate of pay for hours worked in excess of eight hours in a workday.

28.     California Labor Code section 1198 provides that the maximum hours set by the Industrial Welfare Commission ("IWC" or "Commission") shall be the maximum hours of labor for employees.  The Wage Order also provides for higher rates of pay for hours worked in excess of eight hours in a workday.

7

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

29.     Despite that California law requires employers to pay employees a higher rate of pay for all hours worked in excess of eight hours in a workday, Defendants failed to pay their non-exempt employees overtime wages due to them for their daily overtime hours worked.  Specifically, Defendants failed to account for pre-shift time that Plaintiffs and other non-exempt employees spent subject to their control and the overtime hours that forced the employees to work, and Defendants failed to pay those employees overtime premium wages of one and one-half times their the regular rate of pay for all time in excess of eight hours in a workday in which they were subject to Defendants' control.

30.     Defendants also, as a matter of policy and/or procedure, failed to account for overtime hours worked by non-exempt employees on a daily basis, instead calculating overtime hours after employees had worked more than forty (40) hours in a workweek. By ignoring daily overtime hours, Defendants failed compensate Plaintiffs and similarly situated employees for all of their overtime hours worked.

31.     Defendants further failed to adequately compensate Plaintiffs and other non-exempt employees for all extended travel time, including overtime hours for the travel time that Plaintiffs and other similarly situated were subjected to Defendants' control.

32.     The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

33.     **Failure to pay non-exempt employees wages to compensate them for workdays Defendants failed to authorize or permit rest periods:** California law requires an employer to provide an employee a rest period of ten (10) net minutes for every four hours worked, "which insofar as practicable shall be in the middle of each work period."  Cal. Lab. Code §226.7; Wage Order §12.  Thus, employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts between six and ten hours in length, and so on.  *Brinker Rest. Corp. v. Super Ct.(Hohnbaum)* (2012) 53 Cal.4th 1004, 1029.

34.     If an employer fails to authorize or permit a required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide all legally required rest periods.

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

8

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

35.     Defendants, as a matter of policy and/or practice, failed to authorize or permit all separately required ten-minute rest periods. Instead, Defendants aggregated meal and rest period time into a single hour-long "break." Thus, if non-exempt employees worked seven or more hours, Defendants did not, as a matter of policy and/or procedure, authorize or permit two separate rest periods of at least ten minutes each. Defendants' policies and procedures ensured Defendants did not authorize or permit non-exempt employees to take all legally required rest periods.

36.     Defendants adequately staffed the auto shows to allow each product specialist time to take the required rest periods, and the nature of the work did not make it impracticable to authorize and permit rest periods in the middle of each four-hour work period when non-exempt employees worked seven hours or more.

37.     Defendants also failed to pay premium wages to Plaintiff and similarly situated employees to compensate them for each workday Defendants failed to authorize or permit the employees all legally required rest periods. Defendants employed policies and procedures which ensured employees did not receive any premium wages to compensate them for the workdays in which Defendants failed to authorize or permit the employees all legally required rest periods.

38.     This practice resulted in Plaintiff and all other similarly situated employees not receiving premium wages to compensate them for workdays which Defendants did not authorize or permit them to take rest periods, in violation of California law.

39.     The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

40.     **Failure to pay wages timely:** California Labor Code section 204 provides that all wages other than those mentioned in Section 201.3 are due and payable either weekly, biweekly, or twice per calendar month. California Labor Code section 201.3(b) provides, "if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week."

41.     Defendants UTA and ARCARO CA employed a policy and procedure which ensured

9

that non-exempt employees would not get paid their earned wages for as few as thirty (30) and as many as ninety (90) days after the end of the auto show the employees worked.

42.     Thus, Defendants' pay practices violated California Labor Code sections 204 and 201.3.

43.     The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

44.     **Failure to provide non-exempt employees timely and accurate wage statements**: California Labor Code section 226(a) provides that employers must provide itemized wage statements to their employees, including, *inter alia*, gross and net wages earned, total hours worked by the employee, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

45.     Defendants UTA and ARCARO CA failed to provide accurate wage statements to Plaintiffs and similarly situated non-exempt employees who were subject to Defendants' control for uncompensated time, including overtime hours, or the premium wages for missed rest periods and overtime hours to which Plaintiffs and other similarly situated non-exempt employees were and are entitled.

46.     Defendants UTA and ARCARO CA also failed to include the rate of pay and total hours worked for each temporary assignment on the wage statements of Plaintiffs and other similarly situated non-exempt employees.

47.     In addition, Defendants UTA and ARCARO CA failed to provide wage statements either semimonthly or weekly (as required under Labor Code section 201.3), in violation of Labor Code section 226(a).

48.     The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

49.     **Failure to pay non-exempt employees all wages due at time of separation of employment**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Labor Code section 201) or within 72 hours of resignation (Labor Code section 202).

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit A, Page 63

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

50.     Because Defendants failed to pay Plaintiff Chen and other non-exempt employees with all wages (including minimum wage, overtime wages, and unpaid rest period premium wages, as discussed above) during their employment and never paid these amounts after separation of employment, Defendants failed to pay those employees timely after each employee's termination and/or resignation.

51.     Further, Defendants had a policy and/or procedure of not paying any wages until 30 to 90 days following the last show in which Plaintiffs and other non-exempt employees worked, in violation of California Labor Code sections 201, 201.3, 202, and 204.

52.     The above issues were common to each non-exempt employee and predominated among all non-exempt employees.

### III.     CLASS ACTION ALLEGATIONS

53.     Plaintiffs bring this action on behalf of themselves, on behalf of all others similarly situated, and on behalf of the General Public, and as members of a Class defined as follows:

A.     **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were not compensated at least at minimum wage for all hours worked.

B.     **Overtime Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than eight hours in a workday and/or 40 hours in a workweek to whom Defendants did not pay overtime wages.

C.     **Rest Period Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked shifts of more than six hours yet Defendants did not authorize or permit all required rest periods of not less than ten minutes each.

D.     **Wage Statement Class**: All current and former hourly non-exempt employees

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit A, Page 64

employed by Defendants in California at any time within one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage statements.

      E.    **Waiting Time Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the three years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages within the statutory time period upon separation of employment.

      F.    **California Class**: All aforementioned classes are hereby collectively referred to as the "California Class."

54.    There is a well defined community of interest in the litigation and the classes are ascertainable:

      A.    **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

      B.    **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominates over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

      i.    Whether Defendants violated California Labor Code sections 1194 and 1197 by not paying employees' wages at least at a minimum wage rate for time that the California Class were subject to Defendants' control but were not paid;

      ii.    Whether Defendants violated California Labor Code sections 510 and 1194 by not paying the California Class at the applicable overtime rates of pay for workdays worked in excess of eight hours as a result of not paying the Class Members for all hours worked in a workday;

      iii.    Whether Defendants violated California Labor Code section 226.7, as well as the applicable Wage Order, by employing California Class Members without authorizing or

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

permitting all their required rest periods or paying rest period premium wages;

    iv.    Whether Defendants failed to provide the California Class Members with accurate itemized statements;

    v.    Whether Defendants failed to provide California Class Members with all unpaid wages within the statutory time period following separation of employment;

    vi.    Whether Defendants committed unlawful business acts or practices within the meaning of Business and Professions Code section 17200 *et seq.*;

    vii.    Whether Class Members are entitled to unpaid wages, penalties, interest, fees and other relief in conjunction with their claims; and

    viii.    Whether, as a consequence of Defendant's unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

    ix.    Whether Defendant's affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff, and the Class Members as a whole.

    C.    **Typicality**: Plaintiffs' claims are typical of the claims of the Class Members in each of the classes.  Plaintiffs and the members of the Minimum Wage Class sustained damages arising out of Defendants' failure to pay wages at least California's minimum wage for all time in which they Plaintiffs and other Class Members were subject to Defendants' control. Plaintiffs and the members of the Overtime Class sustained damages arising out of Defendants' failure to pay overtime premium wages for workdays in which Class Members were subject to Defendants' control but not paid for their time, resulting in workdays in which employees worked more than eight hours. Plaintiffs and the members of the Rest Period Class sustained damages arising out of Defendants' failure to authorize or permit Class Members all legally required rest periods and failure to pay rest period premium wages as compensation. Plaintiffs and the members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish Class Members with accurate itemized wage statements in compliance with California Labor Code section 226. Plaintiffs and the members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide Class Members all unpaid yet earned wages due upon the end of their employment.

    D.    **Adequacy of Representation**: Plaintiffs will fairly and adequately protect the

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

13

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

1  interests of the members of each class. Plaintiffs have no interest that is adverse to the interests of the

2  other class members. Plaintiffs' Counsel is qualified to conduct the litigation.

3         **E.**    **Superiority**: A class action is superior to other available means for the fair

4  and efficient adjudication of this controversy. Because individual joinder of all members of each

5  class is impractical, class action treatment will permit a large number of similarly situated persons to

6  prosecute their common claims in a single forum simultaneously, efficiently, and without the

7  unnecessary duplication of effort and expense that numerous individual actions would engender. The

8  expenses and burdens of individual litigation would make it difficult or impossible for individual

9  members of each class to redress the wrongs done to them, while important public interests will be

10  served by addressing the matter as a class action. The cost to and burden on the court system of

11  adjudication of individualized litigation would be substantial, and substantially more than the costs

12  and burdens of a class action. Individualized litigation would also present the potential for

13  inconsistent or contradictory judgments.

14         **F.**    **Public Policy Consideration**: Employers throughout the state violate wage

15  and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect

16  retaliation.  Former employees are fearful of bringing actions because they perceive their former

17  employers can blacklist them in their future endeavors through negative references and by other

18  means.  Class actions provide the class members who are not named in the complaint with a type of

19  anonymity that allows for vindication of their rights.

20  

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY AT LEAST THE LEGAL MINIMUM WAGE RATE FOR ALL**

**TIME WORKED, IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(By the Minimum Wage Class against UTA, FORD, EWI, ARCARO CA, and DOES 1-50)**

24         55.    Plaintiffs hereby incorporate by reference paragraphs 1-54 above, as if fully set herein

25  by reference.

26         56.    At times relevant to this Complaint, Plaintiffs and the members of the Minimum

27  Wage Class were non-exempt employees of UTA, FORD, EWI, Does 1-50, or any of them, covered

28  by California Labor Code sections 1194 and 1197. At times relevant to this Complaint, Plaintiff

14

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Faulkner and similarly situated members of the Minimum Wage Class were non-exempt employees of ARCARO CA, covered by California Labor Code sections 1194 and 1197.

57.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiffs and members of the Minimum Wage Class are entitled to receive wages for all hours worked and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

58.    UTA's payroll policies and procedures required employees of the California Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to UTA's control, including but not limited to pre-shift reporting time and extended travel time.

59.    FORD's payroll policies and procedures required employees of the California Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to FORD's control, including but not limited to pre-shift reporting time and extended travel time.

60.    EWI's payroll policies and procedures required employees of the California Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to EWI's control, including but not limited to pre-shift reporting time and extended travel time.

61.    ARCARO CA's payroll policies and procedures required employees of the California Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to ARCARO CA's control, including but not limited to pre-shift reporting time and extended travel time.

62.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

63.    Pursuant to California Labor Code section 1194, Plaintiffs and members of the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, and attorney's fees and costs.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit A, Page 68

64.    Pursuant to California Labor Code section 1194.2(a), Plaintiffs and members of the Minimum Wage Class are entitled to recover liquidated damages in the amount of their unpaid minimum wage.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF

### CALIFORNIA LABOR CODE SECTIONS 510, 1194 AND 1198

### (By the Overtime Class Against UTA, FORD, EWI, ARCARO CA, and DOES 1-50)

65.    Plaintiffs hereby incorporate by reference paragraphs 1-64 above, as if fully set herein by reference.

66.    At times relevant to this Complaint, Plaintiffs and the members of the Overtime Class were non-exempt employees of UTA, FORD, EWI, Does 1-50, or any of them, covered by California Labor Code sections 510 and 1194 and the Wage Order. At times relevant to this Complaint, Plaintiff Faulkner and similarly situated members of the Overtime Class were non-exempt employees of ARCARO CA, covered by California Labor Code sections 510 and 1194 and the Wage Order.

67.    Pursuant to California Labor Code sections 510 and 1194 and the Wage Order, non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight hours in a workday.

68.    California Labor Code section 510, subdivision (a), states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and on-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

69.    Further, California Labor Code section 1198 provides:

> The maximum hours of work and the standard conditions of labor fixed by the

16

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Section 3(A)(1) of the Wage Order provides that eight hours of labor constitutes a day's work, and that employees must be paid at the overtime rates specified in Labor Code section 510(a).

70.   UTA's payroll policies and procedures required Plaintiffs and similarly situated non-exempt employees of the Overtime Class to be subject to its control in excess of eight hours in a workday, yet UTA did not pay employees overtime wages for this time. FORD's payroll policies and procedures required Plaintiffs and similarly situated non-exempt employees of the Overtime Class to be subject to its control in excess of eight hours in a workday, yet FORD did not pay employees overtime wages for this time. EWI's payroll policies and procedures required Plaintiffs and similarly situated non-exempt employees of the Overtime Class to be subject to its control in excess of eight hours in a workday, yet EWI did not pay employees overtime wages for this time. ARCARO CA's payroll policies and procedures required Plaintiff Faulkner and similarly situated non-exempt employees of the Overtime Class to be subject to its control in excess of eight hours in a workday, yet ARCARO CA did not pay employees overtime wages for this time.

71.   As a result of Defendants' unlawful conduct, Plaintiffs and members of the Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at an overtime rate of pay for all hours worked which constitute overtime hours.

72.   Pursuant to California Labor Code section 1194, Plaintiffs and the Overtime Class members are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorney's fees and costs.

## THIRD CAUSE OF ACTION

### FAILURE TO AUTHORIZE OR PERMIT REST PERIODS, IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7 AND THE WAGE ORDER

**(By the Rest Period Class Against UTA, FORD, EWI, ARCARO CA, and DOES 1-50)**

73.   Plaintiffs hereby incorporate by reference paragraphs 1-72 above, as if fully set herein by reference.

74.   At times relevant to this Complaint, Plaintiffs and the members of the Rest Period

17

Class were non-exempt employees of UTA, FORD, EWI, Does 1-50, or any of them, covered by California Labor Code section 226.7 and the Wage Order. At times relevant to this Complaint, Plaintiff Faulkner and similarly situated members of the Rest Period Class were non-exempt employees of ARCARO CA, covered by California Labor Code section 226.7 and the Wage Order.

75.    California law requires an employer to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours worked.  Cal. Lab. Code §226.7; Wage Order §12. Such rest periods must be in the middle of the four-hour period "insofar as practicable." *Id.*  If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide at least one legally required rest period. *Id.*

76.    UTA, FORD, EWI, ARCARO CA, and Does 1-50 failed to authorize or pemit Plaintiffs and other Class Members to take all required rest periods and failed to pay wages to Plaintiffs and similarly situated employees to compensate them for each workday they worked more than six hours yet UTA, FORD, EWI, ARCARO CA, and Does 1-50 did not authorize or permit all rest periods to those employees. Rather, UTA, FORD, EWI, ARCARO CA, and Does 1-50 employed policies and procedures that ensured Plaintiffs and similarly situated employees would not receive all legally required rest periods.

77.    UTA, FORD, EWI, ARCARO CA, and Does 1-50 also employed policies and procedures that ensured Plaintiffs and similarly situated employees did not receive any premium wages to compensate them for workdays that they did not receive all legally required rest periods.

78.    The above practices resulted in Plaintiff and all other similarly situated employees not receiving wages to compensate them for workdays in which UTA, FORD, EWI, ARCARO CA, and Does 1-50 did not provide them with rest periods in compliance with California law.

79.    Pursuant to California Labor Code section 226.7 and the Wage Order, Plaintiffs and other Rest Priod Class Members seek and are entitled to one hour of pay for each workday that UTA, FORD, EWI, ARCARO CA, and Does 1-50 failed to provide all rest periods, plus pre-judgment interest.

///

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit A, Page 71

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE TIMELY AND ACCURATE WAGE STATEMENTS, IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 226

**(By the Wage Statement Class Against UTA, FORD, EWI, ARCARO CA, and DOES 1-50)**

80.     Plaintiffs hereby incorporate by reference paragraphs 1-79 above, as if fully set herein by reference.

81.     At all relevant times, Plaintiffs and the other members of the Wage Statement Class were non-exempt employees of UTA, FORD, EWI, Does 1-50, or any of them, covered by California Labor Code section 226. At all relevant times, Plaintiff Faulkner and similarly situated members of the Wage Statement Class were non-exempt employees of ARCARO CA, covered by California Labor Code section 226.

82.     Pursuant to California Labor Code section 226, subdivision (a), Plaintiffs and the other members of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

83.     Defendants' illegal wage practices, including but not limited to Defendants' failure to pay at least minimum wage for all time worked, failure to pay overtime premium wages for all

19

overtime hours worked, and failure to pay rest period premium wages, resulted in Defendants providing their non-exempt employees with inaccurate itemized wage statements in violation of California Labor Code section 226, including but not limited to the employees' gross and net pay and all applicable hourly rates and earnings at each rate, particularly for each temporary services assignment.

84.    Further, pursuant to Labor Code section 201.3, subdivision (b), payment of wages was due no less frequently than weekly, yet Defendants failed to provide wage statements either weekly or even semimonthly.

85.    Defendants' failure to provide Plaintiffs and members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiffs and members of the Class with accurate wage statements but intentionally failed to do so. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants' knowing and intentional failure to provide accurate wage statements. These practices included Defendants' failure to provide Plaintiffs and other similarly situated employees with wage statements of all the employees' applicable rates of pay and wages due.

86.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Wage Statement Class have suffered injury. The absence of accurate information in the form of wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiffs and similarly situated employees are required to participate in this lawsuit and create more difficulty and expense for Plaintiffs and similarly situated employees from having to reconstruct time and pay records than if Defendants had complied with their legal obligations when required to do so.

87.    Pursuant to California Labor Code section 226(e), Plaintiffs and members of the Wage Statement Class are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred, and one hundred dollars per employee per violation for each

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

20

subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

88. Pursuant to California Labor Code Section 226(h), Plaintiffs and members of the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with California Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed members of the Class with inaccurate wage statements, in violation of California Labor Code section 226(a), and currently employed members of the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with California Labor Code section 226(a).

89. Pursuant to California Labor Code sections 226(e) and 226(h), Plaintiffs and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorney's fees, and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN VIOLATION OF LABOR CODE SECTIONS 201, 201.3, AND 202

**(By the Waiting Time Class Against UTA, FORD, EWI, and DOES 1-50)**

90. Plaintiffs hereby incorporate by reference paragraphs 1-89 above, as if fully set herein by reference.

91. At all relevant times, Plaintiffs and the other members of the Waiting Time Class were non-exempt employees of UTA, FORD, EWI, and Does 1-50 covered by Labor Code sections 201 or 202.

92. Pursuant to Labor Code sections 201.3(b) and 201 or 202, Plaintiffs and members of the Waiting Time Class were entitled upon separation of employment to timely payment of all wages earned and unpaid prior to such separation. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

93. The employment of Plaintiffs and other Class Members was separated at the end of each season, yet Defendants failed to pay all wages due upon separation of employment, including unpaid minimum wage, overtime premium wages, and rest period premium wages.

94. Moreover, Defendants had a policy and/or practice of not paying Plaintiffs and other similarly situated employees their paychecks until between thirty (30) and ninety (90) days following the completion of a show, in violation of California Labor Code sections 201, 201.3, 202, and 204. Thus, Defendants failed to timely pay Plaintiffs and other non-exempt employees their final paychecks immediately upon discharge each time the employees' employment ended.

95. Because of the above policies and/or practices, Defendants failed to timely pay Plaintiffs and other members of the Waiting Time Class all wages earned prior to separation of employment in accordance with Labor Code sections 201 or 202. Plaintiffs are informed and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not timely paying non-exempt employees all earned wages upon separation of employment.

96. Defendants' failure to timely pay Plaintiffs and other members of the Waiting Time Class all wages earned prior to separation of employment in accordance with Labor Code sections 201 or 202 was willful. Defendants had the ability to pay all wages earned by non-exempt employees prior to separation of employment in accordance with Labor Code sections 201 or 202 but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 or 202. Defendants' practices are described in further detail above. When Defendants failed to pay non-exempt employees timely upon separation of employment all unpaid wages earned prior to such separation, Defendants knew what they were doing and intended to do what they did.

97. Pursuant to Labor Code sections 201 or 202, Plaintiffs and other members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

98. Pursuant to Labor Code section 203, Plaintiffs and other members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation of employment until paid, up to a maximum of 30 days.

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

99.   As a result of Defendants' conduct, Plaintiffs and other members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to the separation of their employment.

100.   As a result of Defendants' conduct, Plaintiffs and other members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code Section 203.

101.   Pursuant to Labor Code sections 201, 201.3, and 202, Plaintiffs and other members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, and interest thereon.

## SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.*

#### (By the California Class Against All Defendants)

102.   Plaintiffs hereby incorporate by reference paragraphs 1-101 above, as if fully set herein by reference.

103.   The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in Defendants' failure to: pay employees at least minimum wage for all time worked; pay overtime wages for workdays in excess of eight hours and/or workweeks in excess of 40 hours; authorize or permit all required rest periods or pay rest period premium wages; pay all earned wages within the statutory periods defined by California Labor Code sections 201.3 and 204; provide timely and accurate wage and hour statements; and timely pay all wages due upon separation of employment and/or timely provide final paychecks. Because of their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to do the following: pay minimum wage for all hours worked; pay overtime premium wages for all hours worked; authorize or permit all required rest periods; provide timely and accurate wage statements; and timely pay all unpaid wages following

Exhibit A, Page 76

separation of employment.

104.    As a result of Defendants' unfair competition as alleged herein, Plaintiffs and members of the Minimum Wage Class, Overtime Class, Rest Period Class, Wage Statement Class, and Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

105.    Pursuant to Business and Professions Code Section 17203, Plaintiffs and members of the Minimum Wage Class, Overtime Class, Rest Period Class, Wage Statement Class, and Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay them and wrongfully retained by means of their unlawful and unfair business practices. Plaintiffs also seek an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES PURSUANT TO THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTION 2698, *et seq.*

#### (By the California Class Against All Defendants)

106.    Plaintiffs hereby incorporate by reference paragraphs 1-105 above, as if fully set herein by reference.

107.    During the period beginning one year period preceding the filing of the initial complaint in this action, Defendants violated California Labor Code sections 201, 201.3, 202, 203, 204, 226, 226.7, 510, 1194, 1197, and 1198, as alleged in more detail above.

108.    Specifically, Defendants have committed the following violations of the California Labor Code:

A.    **Failure to pay minimum wage or overtime when applicable for all hours worked**: Defendants employed non-exempt employees, including Plaintiffs, for uncompensated time. Specifically, Defendants had a policy and/or practice requiring their non-exempt employees to report to their exhibit booth workstations at least fifteen (15) minutes prior to the start of each workday, and at least thirty (30) minutes prior to the start of the workday on the first day of each auto

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

24

show. Defendants failed to compensate Plaintiffs and similarly aggrieved employees for the pre-shift time during which they were subject to Defendants' control but were not paid. This policy and or practice, which was ratified by FORD and enforced by EWI, resulted in Plaintiffs and other similarly situated non-exempt employees not being paid for all time they were subject to Defendants' control, and in working daily overtime hours, for which Defendants did not pay overtime premium wages. In addition, Defendants required Plaintiffs and other similarly aggrieved employees to complete online training sessions for hours at a time, which also was uncompensated work time.  Thus, Defendants engaged, suffered or permitted their employees to work time for which they did not compensate the employees.  This unpaid time was part of the employees' fixed or regular working time and is a practically ascertainable period of time.

B.     **Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendant failed to authorize or permit rest periods:** Defendants employed non-exempt employees, including the named Plaintiffs and all others similarly aggrieved, for shifts longer than six (6) hours in length. On days in which Plaintiffs and other similarly aggrieved employees worked at least seven hours, Defendants aggregated meal and rest period time into a single hour-long "break" rather than authorizing or permitting separate 10-minute rest periods for every four hours worked or major fraction thereof. Defendants further failed to pay premium wages for each day they did not authorize or permit employees to take all legally required rest periods.

C.     **Failure to pay wages timely:** As "temporary services employers," Defendants UTA and ARCARO CA were required to pay their non-exempt employees no less frequently than once per week. Under Labor Code section 204, Defendants had to pay Plaintiffs and similarly aggrieved employees either weekly, biweekly, or semimonthly. Instead, Defendants employed a policy and/or practice of not paying their employees until no earlier than thirty (30) to ninety (90) days after the completion of each auto show worked.

D.     **Pay Stub Violations:** Defendants violated Labor Code section 226 because they did not provide Plaintiffs and similarly aggrieved employees with wage statements containing all required information by Labor Code section 226, subdivision (a), including gross wages earned, total hours worked, net wages earned, and applicable hourly rates with corresponding number of

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**
Exhibit A, Page 78

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

hours worked at each hourly rate. Moreover, because Defendants failed to timely pay Plaintiffs and similarly aggrieved employees their wages timely, Defendants failed to timely provide wage statements, as well.

        **E.**    **Failure to Pay Former California Non-Exempt Employees All Wages Due at Time of Termination/Resignation**: Because Defendants contracted with Plaintiffs and similarly aggrieved non-exempt employees on a seasonal basis, all employees' employment was separated at the end of each season and all earned and unpaid wages were due immediately. Defendants failed to pay Plaintiffs and other non-exempt employees with all wages (including unpaid overtime and minimum wage for all off-the-clock hours, as well as unpaid premium wages for failure to authorize or permit rest periods) during their employment and never paid these amounts after the employment of Plaintiffs and similarly aggrieved employees was separated. As a result, Defendants failed to pay those employees timely after each employee's termination and/or resignation, in violation of Labor Code sections 201 and 202.

        **F.**    California Labor Code section 2699 authorizes an aggrieved employee, on behalf of himself or herself or other current or former employees, to bring a civil action to recover civil penalties against their employer pursuant to the procedures specified in Section 2699.3.

        **G.**    Plaintiffs have complied with the procedures for bringing suit specified in Section 2699.3. By letter dated and postmarked November 23, 2016, Plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, attached hereto as Exhibit 1.

        **H.**    Pursuant to California Labor Code section 2699.3, the LWDA must give written notice by certified mail to the parties that it intends to investigate the alleged violations of the California Labor Code within 65 days of the date of the complainant's written notice. If the LWDA does not provide such notice of its intent to investigate within 65 days, a complaining employee may initiate a civil action to recover PAGA civil penalties on the State's behalf. The LWDA did not provide the parties notice within 65 days of Plaintiffs' letter that it intended to investigate Plaintiffs' claims.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit A, Page 79

109.    Pursuant to California Labor Code sections 2699(a) and (f), and 2699.5, Plaintiff is entitled to recover civil penalties for Defendants' violations of California Labor Code 201, 201.3, 202, 203, 204, 226, 226.7, 510, 1194, 1197, and 1198 during the Civil Penalty Period, as follows:

a.    For violations of California Labor Code sections 201, 201.3, or 202, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 2699(f)(2)].

b.    For violations of California Labor Code section 226, two hundred fifty dollars ($250) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period [penalty amounts established by California Labor Code section 226.3].

c.    For violations of California Labor Code section 226.7, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 2699(f)(2)].

d.    For violations of California Labor Code section 510, fifty dollars ($50) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period [penalty amounts established by California Labor Code section 558].

e.    For violations of California Labor Code section 1194, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 2699(f)(2)].

f.    For violations of California Labor Code section 1197, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 1197.1(a)].

g.    For violations of California Labor Code section 1198, one hundred dollars

27

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 2699(f)(2)].

110.   Pursuant to California Labor Code section 2699(g)(1), Plaintiffs are entitled to an award of reasonable attorney's fees and costs in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS, ON THEIR BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAY AS FOLLOWS:

### ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:

1.   That the Court determine that this action may be maintained as a class action (for the California Class) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.   That the named Plaintiffs be designated as class representatives for the California Class (and all sub-classes thereof);

3.   That counsel for Plaintiffs be designated as Class Counsel;

4.   A declaratory judgment that the practices complained herein are unlawful; and,

5.   An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

### ON THE FIRST CAUSE OF ACTION:

1.   That Defendants be found to have violated the minimum wage provisions of the California Labor Code and the IWC Wage Order as to Plaintiffs and the Minimum Wage Class;

2.   For damages, according to proof, including but not necessarily limited to unpaid wages;

3.   For any and all legally applicable penalties;

4.   For liquidated damages pursuant to California Labor Code section 1194.2;

**28**

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

5. For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

6. For attorney's fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194;

7. For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and,

8. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SECOND CAUSE OF ACTION:

1. That Defendants be found to have violated the overtime provisions of the California Labor Code and the Wage Order as to Plaintiffs and the Overtime Class;

2. For damages, according to proof, including but not limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

5. For attorney's fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

6. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE THIRD CAUSE OF ACTION:

1. That Defendants be found to have violated the rest period provisions of the California Labor Code and the IWC Wage Order as to Plaintiffs and the Rest Period Class;

2. For damages, according to proof, including unpaid premium wages;

3. For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

4. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

///

FELDMAN BROWNE OLIVARES
A PROFESSIONAL CORPORATION

29

### ON THE FOURTH CAUSE OF ACTION:

1.      That Defendants be found to have violated the provisions of the California Labor Code regarding timely and accurate itemized paystubs as to Plaintiffs and the Wage Statement Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under California Labor Code section 226(e) and any other legally applicable damages or penalties;

3.      For pre-judgment interest and post-judgment interest;

4.      For injunctive relief under California Labor Code section 226(h);

5.      For attorney's fees and costs of suit, including but not limited to that recoverable under California Labor Code sections 226(e) and 226(h); and,

6.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FIFTH CAUSE OF ACTION:

1.      That Defendants UTA, FORD, EWI, and Does 1 to 100, inclusive, be found to have violated the provisions of the Labor Code regarding payment of wages due upon separation of employment as to Plaintiffs and the Waiting Time Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.      For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SIXTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to all Classes;

2.      A declaratory judgment that the practices complained herein are unlawful;

3.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit A, Page 83

herein;

4.     For restitution to the full extent permitted by law; and,

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SEVENTH CAUSE OF ACTION:

1.     That Defendants be found to have violated the provisions of the California Labor Code and Wage Order as to Plaintiffs and current or former aggrieved employees;

2.     For any and all legally applicable penalties, including but not limited to that recoverable under California Labor Code section 2699(f), 226.3, 558, and 1197.1.

3.     For attorney's fees and costs of suit, including but not limited to that recoverable under California Labor Code section 2699(g); and,

4.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated:  January 30, 2017                          FELDMAN BROWNE OLIVARES,
                                                  A Professional Corporation


                                         By:      _____
                                                  LEE R. FELDMAN
                                                  LEONARD H. SANSANOWICZ
                                                  Attorneys for Plaintiffs, HENRY CHEN,
                                                  REBECCA FAULKNER, and all others
                                                  similarly situated

## DEMAND FOR JURY TRIAL

Plaintiffs Henry Chen and Rebecca Faulkner hereby demand a trial by jury for themselves and the California Class on all claims so triable.

Dated: January 30, 2017

FELDMAN BROWNE OLIVARES,
A Professional Corporation

By:

LEE R. FELDMAN
LEONARD H. SANSANOWICZ
Attorneys for Plaintiffs, HENRY CHEN,
REBECCA FAULKNER, and all others
similarly situated

**32**

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

# Exhibit 1



**FELDMAN**
BROWNE OLIVARES
· A PROFESSIONAL CORPORATION ·

November 23, 2016

**VIA ONLINE FILING SYSTEM[1]**

Labor and Workforce Development Agency

Re: *Chen, et al. v. United Talent Agency, LLC, et al.*

Dear Madam/Sir:

I am filing this written notice with the Labor and Workforce Development Agency ("LWDA") pursuant to the provisions of the California Labor Code Sections 2699, 2699.3, and 2698, *et seq.* The purpose of this letter is to inquire whether the LWDA intends to investigate and seek civil penalties associated with our clients' allegations of violations of the Labor Code by their employers. In addition to filing this letter through the online filing system, I now mail you this letter with the $75 filing fee enclosed.

Our firm has been retained by Henry Chen and Rebecca Faulkner (hereinafter "Plaintiffs") concerning a wage and hour class action against their former employers, United Talent Agency, LLC ("UTA"), Ford Motor Company ("FORD"), EWI Worldwide ("EWI"), Cynthia Arcaro Enterprises California, LLC ("ARCARO CA) (collectively, "Defendants").

UTA and ARCARO CA operate as a talent agency that provides "production specialists" to help promote Ford vehicles at auto shows throughout California and around the country. The auto shows last in duration from several days to two to three weeks. As such, Defendants UTA and ARCARO CA are "temporary services employers" under the meaning of Labor Code section 201.3. The production specialist is a non-exempt position, and UTA/ARCARO CA contract with production specialists for the term of an entire season of work, set their wages, and pay them their wages. EWI provides supervisors to oversee the production specialists. FORD and UTA/ARCARO CA both have authority to rehire production specialists for the following season (or to refuse to rehire the employees). In this way, each of the named Defendants controlled the wages, hours, and/or working conditions of Plaintiffs and other non-exempt production specialists. Mr. Chen worked for Defendants as a non-exempt employee from approximately September 2013 to on or about January 3, 2016. Defendants have employed Ms. Faulkner since September 2008.

---

[1] Filed through the Labor and Workforce Development Agency online filing system at:
http://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html .

The following list sets forth the contact information for Plaintiffs' employers:

| | Company Name | Contact Information |
|---|---|---|
| 1. | United Talent Agency, LLC | United Talent Agency, LLC<br>c/o Peter Benedek, registered agent for service of process<br>9336 Civic Center Drive<br>Beverly Hills, CA 90210 |
| 2. | Ford Motor Company | Ford Motor Company<br>c/o CT Corporation System, registered agent for service of process<br>818 W.7th Street<br>Los Angeles, CA 90017 |
| 3. | EWI Worldwide (a business entity of unknown form with offices in Foothill Ranch, CA) | EWI Worldwide<br>General Manager<br>19531 Pauling<br>Foothill Ranch, CA 92610 |
| 4. | Cynthia Arcaro Enterprises California, LLC | Cynthia Arcaro Enterprises California, LLC<br>c/o Legalinc Corporate Services, Inc., registered agent for service of process<br>5668 E.61st Street<br>Commerce, CA 90040 |

The following is a summary of Plaintiffs' wage and hour allegations:

**Failure to pay minimum wage or overtime when applicable for all hours worked to non-exempt employees:** Defendants had a policy and/or practice requiring their non-exempt employees to report to their exhibit booth workstations at least fifteen (15) minutes prior to the start of each workday, and at least thirty (30) minutes prior to the start of the workday on the first day of each auto show. Defendants failed to compensate Plaintiffs and similarly aggrieved employees for the pre-shift time during which they were subject to Defendants' control but were not paid. This policy and or practice, which was ratified by FORD and enforced by EWI, resulted in Plaintiffs and other similarly situated non-exempt employees not being paid for all time they were subject to Defendants' control, and in working daily overtime hours, for which Defendants did not pay overtime premium wages. In addition, Defendants required Plaintiffs and other similarly aggrieved employees to complete online training sessions for hours at a time, which also was uncompensated work time.

**Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendant failed to authorize or permit rest periods:** On days in which Plaintiffs and other similarly aggrieved employees worked at least seven hours, Defendants aggregated meal and rest period time into a single hour-long "break" rather than authorizing or permitting separate 10-minute rest periods for every four hours worked or major fraction thereof. Defendants further failed to pay premium wages for each day they did not authorize or permit employees to take all legally required rest periods.

**Failure to pay wages timely:** As "temporary services employers," Defendants UTA and ARCARO CA were required to pay their non-exempt employees no less frequently than once per week. Under Labor Code section 204, Defendants had to pay Plaintiffs and similarly aggrieved employees either weekly, biweekly, or semimonthly. Instead, Defendants employed a policy and/or practice of not paying their employees until no earlier than thirty (30) to ninety (90) days after the completion of each auto show worked.

**Pay Stub Violations:** Defendants violated Labor Code section 226 because they did not provide Plaintiffs and similarly aggrieved employees with wage statements containing all required information by Labor Code section 226, subdivision (a), including gross wages earned, total hours worked, net wages earned, and applicable hourly rates with corresponding number of hours worked at each hourly rate. Moreover, because Defendants failed to timely pay Plaintiffs and similarly aggrieved employees their wages timely, Defendants failed to timely provide wage statements, as well.

**Failure to Pay Former California Non-Exempt Employees All Wages Due at Time of Termination/Resignation:** Because Defendants contracted with Plaintiffs and similarly aggrieved non-exempt employees on a seasonal basis, all employees' employment was separated at the end of each season and all earned and unpaid wages were due immediately. Defendants failed to pay Plaintiffs and other non-exempt employees with all wages (including unpaid overtime and minimum wage for all off-the-clock hours, as well as unpaid premium wages for failure to authorize or permit rest periods) during their employment and never paid these amounts after the employment of Plaintiffs and similarly·aggrieved employees was separated. As a result, Defendants failed to pay those employees timely after each employee's termination and/or resignation, in violation of Labor Code sections 201 and 202.

Plaintiffs have filed a civil class action concerning their wage claims as warranted by Defendants' violation of Labor Code sections 201, 201.3, 202, 203, 204, 226, 226.7, 510, 1194, 1197, 1198, and the Wage Orders. We are sending you this letter to inquire whether the LWDA wishes to investigate Plaintiffs' allegations for any civil penalties associated with Defendants' violations of the Labor Code.

Thank you for your assistance and cooperation in his matter. Please call me if you have any questions.

Very truly yours;

Leonard H. Sansanowicz

cc:   United Talent Agency, LLC (via U.S. certified mail **7014 0150 0000 5272 4301**)
      Ford Motor Company (via U.S. certified mail **7014 0150 0000 5272 4318**)
      EWI Worldwide (via U.S. certified mail **7014 0150 0000 5272 4202**)
      Cynthia Arcaro Enterprises California, LLC (via U.S. certified mail **7014 0150 0000 5272 4172**)

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
United Talent Agency LLC c/o Cynthia Arcaro
Street, Apt. No.; or PO Box No. 500 S. Palm Ave. #72
City, State, ZIP+4 Sarasota, FL 34236

PS Form 3800, August 2006          See Reverse for Instructions

7014 0150 0000 5272 4769

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United Talent Agency, LLC
c/o Cynthia Arcaro
500 S. Palm Ave. #72
Sarasota, FL 34236

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
CYNTIA ARCA

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JAN 4 - 2017

3. Service Type
☒ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7014 0150 0000 5272 4769

PS Form 3811, July 2013          Domestic Return Receipt

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent
To
EWI Worldwide
Street, Apt. No.;
or PO Box No.
General Manager
19531 Pauling
City, State, ZIP+4
Foothill Ranch, CA 92610

7014 0150 0000 5272 4202

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EWI Worldwide
General Manager
19531 Pauling
Foothill Ranch, CA 92610

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____     ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)     7014 0150 0000 5272 4202

PS Form 3811, July 2013          Domestic Return Receipt

Exhibit A, Page 91



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7014 0150 0000 5272 4172

Cynthia Arcaro Enterprises California, LLC
c/o Legaline Corporate Services, Inc., registered agent
5668 E.61st Street
Commerce, CA 90040

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cynthia Arcaro Enterprises California, LLC
c/o Legaline Corporate Services, Inc., registered agent
5668 E.61st Street
Commerce, CA 90040

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7014 0150 0000 5272 4172

PS Form 3811, July 2013          Domestic Return Receipt

Exhibit A, Page 92



**Tracking Number: 70140150000052724318**

# Product & Tracking Information

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 28, 2016 , 11:17 am | Delivered | LOS ANGELES, CA 90017 |

Your item was delivered at 11:17 am on November 28, 2016 in LOS ANGELES, CA 90017.

| November 28, 2016 , 10:06 am | Arrived at Unit | LOS ANGELES, CA 90057 |
| November 27, 2016 , 10:58 pm | Departed USPS Facility | LOS ANGELES, CA 90052 |
| November 25, 2016 , 9:26 pm | Arrived at USPS Facility | LOS ANGELES, CA 90052 |

# Available Actions

**Text Updates**

**Email Updates**

Exhibit A, Page 93

# CERTIFICATE OF SERVICE

| | |
|---|---|
| **COUNTY OF LOS ANGELES** | ) |
| | ) ss. |
| **STATE OF CALIFORNIA** | ) |

I am employed in the County of Los Angeles in the State of California. I am over the age of 18 and not a party to the within action; my business address is 12400 Wilshire Blvd., Ste. 1100, Los Angeles, CA 90025.

On the date set forth below, I served the following document(s):

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

UNITED TALENT AGENCY, LLC
c/o Cynthia Arcaro
500 S. Palm Ave. #72
Sarasota, FL 34236

EWI WORLDWIDE
c/o General Manager
19531 Pauling
Foothill Ranch, CA 92610

Ford Motor Company
c/o CT Corp System, Registered Agent for Service
818 W. 7th St., Los Angeles, CA 90017

CYNTHIA ARCARO ENTERPRISES CALIFORNIA, LLC
Legaline Corporate Services, Inc.
5668 E. 61st St.
Commerce, CA 90040

[X]     By Mail: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the US Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]     State: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 30, 2017, at Los Angeles, California.

Timothy Aaron

---

CERTIFICATE OF SERVICE