JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1848 PA (Ex) | Date | March 10, 2017 |
|---|---|---|---|
| Title | Henry Chen, et al. v. United Talent Agency, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER

  Before the Court is a Notice of Removal filed by defendant Ford Motor Company ("Defendant"). Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Henry Chen and Rebecca Faulkner (collectively "Plaintiffs") on the basis of the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d).

## I.     Background

  On November 23, 2016, Plaintiffs filed a class action complaint in Los Angeles County Superior Court. The initial complaint alleged causes of action for: (1) failure to pay minimum wages under California Labor Code §§ 1194 and 1197; (2) failure to pay overtime wages under California Labor Code §§ 210, 1194, and 1198; (3) failure to permit rest periods or pay rest period premium wages under California Labor Code § 226.7; (4) failure to provide accurate itemized wage statements under California Labor Code § 226; (5) failure to timely pay all earned wages at time of separation under California Labor Code §§ 201, 202; and (6) unfair business practices under California Business & Professions Code § 17200. (Notice of Removal, Ex. A.) On January 30, 2017, Plaintiffs filed a first amended complaint which asserted an additional cause of action for civil penalties pursuant to the Private Attorneys General Act ("PAGA"), California Labor Code § 2698. (Id.)

  On March 8, 2017, Defendant removed the action to this Court. Defendant's Notice of Removal asserts, among other things, that the aggregate amount in controversy in this case exceeds $5,000,000. (Notice of Removal, ¶¶ 23-24.)

## II.     Legal Standard

  A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. §1441. The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214, 1219 (1941); see also Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). The district court must remand the case if, before final judgment, it appears that the court lacks subject

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1848 PA (Ex) | Date | March 10, 2017 |
|---|---|---|---|
| Title | Henry Chen, et al. v. United Talent Agency, LLC, et al. | | |

matter jurisdiction. 28 U.S.C. §1447(c). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). The amount in controversy requirement excludes "interest and costs," and therefore attorneys' fees are included in the calculation of the amount in controversy. 28 U.S.C. § 1332(a); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).

"[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego, 443 F.3d at 685. Thus, Defendant bears the burden to establish that this Court has jurisdiction over Plaintiffs' claims. Jurisdiction cannot be based on speculation. See Lowdermilk v. U.S. Bank Nat'l Assoc., 479 F.3d 994, 1002 (9th Cir. 2007), overruled on other grounds by Rodriguez v. AT&T Mobility Servs., LLC, 728 F.3d 975, 977, 980 (9th Cir. 2013). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090-91. A plaintiff seeking to represent a putative class cannot evade federal jurisdiction by stipulating that the amount in controversy falls below the jurisdictional minimum. Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1350, 185 L. Ed. 2d 439 (2013). The Ninth Circuit recently held that Standard Fire has so undermined the reasoning of Lowdermilk that the latter has been effectively overruled. Therefore, a defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. Rodriguez, 728 F.3d at 981.

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in plaintiff's favor on all of the claims in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); see also Rippee v. Boston Mkt. Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The contents of the notice of removal and supplemental evidence provided after the removal petition has been filed may be considered to determine whether the defendant has adequately shown that the amount in controversy has been met. See Abrego, 443 F.3d at 690; Cohn v. Petsmart, Inc., 281 F. 3d 837, 840, 840 n.1 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1848 PA (Ex) | Date | March 10, 2017 |
|---|---|---|---|
| Title | Henry Chen, et al. v. United Talent Agency, LLC, et al. | | |

2002). A court may also "consider any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Valdez, 372 F.3d at 1117 (quoting Matheson, 319 F.3d at 1090).

### III.   Analysis

In support of its assertion that this case satisfies CAFA's $5,000,000 amount in controversy requirement, Defendant alleges that:

> Based on the causes of action Plaintiffs assert, and assuming only 100 class members working each year for 34 weeks, the amount in controversy—including compensatory damages, statutory penalties, and a 25% attorneys' fee—exceeds $5,500,000. This estimate includes $8,400 in allegedly unpaid minimum wage and associated liquidated damages, $819,000 in allegedly unpaid overtime, $2,185,000 in allegedly improper rest breaks and associated penalties, $85,000 in allegedly improperly itemized wage statements and associated penalties, $720,000 in penalties for alleged waiting time pay, $635,000 in separate civil penalties under PAGA, and $1,113,000 representing a 25% attorneys' fee. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998) (25% appropriate benchmark for class action attorneys' fee).

(Notice of Removal, ¶ 23.) The aggregate of Defendant's alleged amount in controversy is $5,565,400. (See id.)

As an initial matter, the estimated $635,000 in civil penalties under PAGA cannot be used to reach CAFA's $5,000,000 amount in controversy requirement. See Yocupicio v. PAE Grp., LLC, 795 F.3d 1057, 1062 (9th Cir. 2015); Santoyo v. Consol. Foundries, Inc., No. CV 16-2232 BRO (SSx), 2016 WL 5955851, at *3 (C.D. Cal. Oct. 13, 2016) ("[T]he Court cannot consider any damages arising from the PAGA claims to determine if the amount in controversy exceeds $5,000,000."); Rodriguez v. US Bank Nat'l Ass'n, No. CV 16-5590 CAS (RAOx), 2016 WL 5419403, at *6 (C.D. Cal. Sept. 26, 2016) ("The Court therefore concludes that defendant may not aggregate plaintiff's PAGA claims with the class claims in order to meet CAFA's amount in controversy requirement."). Removing the improperly asserted PAGA penalties results in an alleged amount in controversy of $4,930,400 – which falls below the jurisdictional limit.

Additionally, although attorneys' fees may properly be considered as part of the amount in controversy, Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998), decisions from within the Ninth Circuit recognize a "split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." See Aguilar v. Courtyard Mgmt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1848 PA (Ex) | Date | March 10, 2017 |
|---|---|---|---|
| Title | Henry Chen, et al. v. United Talent Agency, LLC, et al. | | |

Corp., No. CV 13-7181 MMM (SHx), 2014 WL 12597037, at *8 (C.D. Cal. Jan. 13, 2014) (collecting cases); see also Reames v. AB Car Rental Servs., 899 F. Supp. 2d 1012, 1020 (D. Or. 2012) ("It appears that a nascent consensus may be emerging among the district courts of the Ninth Circuit that the split between the Conrad/Faulkner and the Simmons/Brady lines of cases may best be resolved by adoption of the Conrad/Faulkner reasoning that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes."); Kidner v. P.F. Chang's China Bistro, Inc., No. EDCV 15–287 JGB (KKx), 2015 WL 2453523, at *5-6 (C.D. Cal. May 21, 2015) (adopting reasoning in Reames); Gomez v. CarMax Auto Superstores California, LLC, No. CV 14-9019 CAS (PLAx), 2015 WL 1967078, at *2 (C.D. Cal. Apr. 30, 2015) (same). The Court finds Reames persuasive, and therefore concludes that Defendant's reliance on anticipated attorneys' fees is insufficient to satisfy its burden to show that the amount in controversy exceeds the jurisdictional minimum. Moreover, because Defendant has offered no evidence of any pre-removal attorneys' fees accrued by Plaintiffs, the Court has no basis to consider any portion of the asserted $1,113,000 in attorneys' fees to determine the amount in controversy.

Accordingly, the Court concludes that Defendant has improperly relied on PAGA penalties and anticipated but unaccrued attorney's fees in asserting that this action satisfies CAFA's jurisdictional amount in controversy requirement. Excising these improperly-included sums results in an alleged amount in controversy of only $3,817,400.

## Conclusion

For the foregoing reasons, Defendant has not met its burden to establish this Court's jurisdiction. Accordingly, this action is remanded to the Los Angeles County Superior Court, Case No. BC641930, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.